UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:15-cr-00072-TWP-DML |
| | ) |
| ALI AL-AWADI, | ) |
| | ) |
| Defendant. | ) |

**Government's Supplemental Brief in Support of its Motion to Admit Evidence Pursuant Rule 414**

The United States of America, by Josh J. Minkler, United States Attorney, and Bradley P. Shepard and Kristina M. Korobov, Assistant United States Attorneys, hereby file this supplemental brief in support of the Government's notice of intent to admit evidence of the alleged molest of Victim One by the defendant.

**Evidence sought for Admission**

The Government seeks to introduce in its case in chief evidence of (1) Victim One's multiple statements that the defendant molested her and caused her pain in her vagina; (2) the defendant's statements in response to accusations of the molest; (3) the medical examination and findings of Victim One; and (4) the DNA evidence recovered from the inside crotch of Victim One's underwear.

**Law**

Defendant is charged with four counts of production of child pornography and four counts of attempted production of child pornography in violation of 18 U.S.C. § 2251(a)&(e). Title 18 U.S.C. § 2251(a) has the following elements:

    1.    At the time Victim One was under the age of eighteen years; and

    2.    The defendant, for the purpose of producing a visual depiction of such conduct employed, used, persuaded, and/or coerced Victim One to take part in sexually explicit conduct;

    3.    The visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

Seventh Cir. Pattern Instruction 18 U.S.C. § 2251(a). Title 18 U.S.C. § 2251(a)&(e) has the following elements:

    1.    That the Defendant intended to employ, use, persuade, induce, entice or coerce Victim One to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    2.    That the Defendant engaged in a purposeful act, that under the circumstances as he believed them to be, amounted to a substantial step towards the commission of that crime and strongly corroborated his criminal intent;

    3.    That the visual depiction would have been produced using materials that had been mailed, shipped or transported in interstate and foreign commerce.

18 U.S.C. § 2251(a) &(e); Seventh Cir. Pattern Instruction 18 U.S.C. § 2251(a), 4.01, & 4.09.

For purposes of this motion, it is critically important to remember that the crime prohibited in Section 2251(a) is not the production of the image but the use of a child. According to the statute, the conduct (*actus reus*) that a defendant must engage in in order to commit the substantive offense is the employment, use, persuasion, or coercion of a minor to take part in sexually explicit conduct. If the defendant engages in this conduct with the requisite mental state (*mens rea*) (*i.e.*, for the purpose of producing a visual depiction of the conduct), he has committed the substantive offense whether or not any visual depiction is actually produced. This concept is illustrated by *United States v. Buculei*, 262 F.3d 322, 325 (4th Cir. 2001), a case in which the 38-year-old defendant, having traveled from New York to Maryland, brought the 14-year-old Maryland girl whom he had met online to a motel room, placed a tape inside a camera, positioned the camera facing the bed and turned it on, gave the girl an alcoholic drink, and then

engaged sexual acts with her. Ultimately, no child pornography video was made because Buculei failed to fully rewind the videotape. *Id*. at 325-326. Though no visual depiction was produced, the Fourth Circuit upheld Buculei's conviction for commission of the substantive offense. "That Buculei was unsuccessful in his attempt to actually produce a visual depiction of sexually explicit conduct, with [the minor] as its star, does not, therefore, require his acquittal on Count Two, that he violated § 2251(a). Assuming the jurisdictional commerce requirement was satisfied, *see infra*, the federal crime charged in Count Two was complete when Buculei induced [the minor] into sexually explicit conduct for the purpose of producing a visual depiction thereof." *Id*. at 328.

Based upon discussions with defense counsel, the main contested issue in this case is did the defendant use Victim One for the purpose of producing a depiction of sexually explicit conduct on the day in question.   That is what the Government must prove beyond a reasonable doubt.

### The Proffered Evidence is Direct Evidence of Elements of the Crime

Evidence is direct when it "tend[s] to prove the elements of the offense . . . actually charged." *Id*; *see, e.g.*, *United States v. Miller*, 673 F.3d 688 (7th Cir. 2012) (holding that evidence of defendant's prior possession of a gun was admissible as direct evidence that the defendant possessed the same gun on the date charged); *United States v. McKibbins*, 656 F.3d 707 (7th Cir. 2011) (determining that it was not an abuse of discretion for the district court to admit child pornography and profile pictures as direct evidence of an obstruction charge).

All four of the proffered pieces of evidence are direct evidence of two critically important things the Government must prove.  First, that it was the defendant who committed the crime. Victim One's identifications of the defendant both orally to multiple Government witnesses and

recorded in the Medical records and the DNA evidence are all evidence that is was the defendant who committee the charged crime.  The medical records and the DNA evidence also corroborate Victim One's account of the event.  Further the medical records, and DNA evidence also attack the veracity of the defendant's version of events as relayed in his multiple statements; specifically that Victim One was possibly hurt by his watch, or that Victim One's jeans or underwear never were pulled down or aside.

Secondly, all four categories are evidence that Victim One was used *for the purpose of producing a depiction of sexually explicit conduct*.  Here the instance of the molest, and the corroborating evidence, are direct evidence of *why the image was produced*.  It proves a sexual interest and attraction to Victim One, which resulted in the production of the visual depictions.  In other words, it not only proves the defendant's motive, *but an element of the crime*.  Therefore the evidence is direct evidence of the central issues in this case.  Accordingly, subject to Rule 403 (see below), it is admissible without resort to Rule 414.

## The Evidence is also Admissible Pursuant to Rule 414

FRE 414(a) states "[i]n a criminal case in which the defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."  Child molestation includes "any conduct prohibited by 18 U.S.C. chapter 110 … [and] contact between any part of the defendant's body … and a child's genitals …"  FRE 414(d)(2)(B)&(C).

The charged offenses are crimes under 18 U.S.C. chapter 110 so are child molestation offenses pursuant to FRE 414(d)(2)(B).  The proffered molest evidence concerns contact with the defendant's body and Victim One's genitals so is a child molest offense pursuant to FRE 414(d)(2)(C).  Therefore FRE 414 applies.

FRE 414 constitutes an exception to the rule that evidence of prior bad acts is inadmissible to show a defendant's propensity to commit the offense charged.  *See United States v. Rogers*, 587 F.3d 816, 822-23 (7th Cir. 2009) (discussing analogous Rule 413). FREs 413 and 414 effectively override the propensity bar in rule 404(a)(1) in sexual assault cases.  *United States v. Stokes*, 726 F.3d 880,896 (7th Cir. 2013).

The Court must still employ FRE 403.  Rule 403 requires the exclusion of relevant evidence when its "probative value is *substantially* outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."  Fed. R. Evid. 403 (emphasis added).  "Unfair prejudice ... means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one."  Advisory Committee's Notes on Fed. R. Evid. 403, *cited approvingly in Old Chief v. United States*, 519 U.S. 172, 184−85 (1997). FREs 413 & 414 hold that any possible propensity inference does not constitute unfair prejudice as contemplated by FRE 403.  *Rogers*, 587 F.3d at 822 ("Because Rule 413 identifies this propensity inference as proper, the chance that the jury will rely on that inference can no longer be labeled as "unfair" for purposes of the Rule 403 analysis.")

In analyzing the proffered evidence, there is nothing about the evidence that would cause a decision on an improper basis.  Indeed while at argument defense counsel repeatedly referred to the evidence as graphic, but when pressed by the Court as to what he was referring, counsel only responded concerns about redness in Victim One's hymen.  This would not substantially outweigh the probative value of the evidence.

As discussed above, the main issue to be tried in the case is what was the purpose for producing the visual depictions.  As the proffered evidence goes to that specific issue, the evidence's probative value is high.  *See United States v. Brown*, 151 Fed.Appx. 286 , 288 (4th

Cir. 2005) (noting in a FRE 404(b) analysis that the probative value of evidence on a contested issue is high).

The Government has not found a case in the Seventh Circuit employing a 414/403 analysis where the two child molest incidents were contemporaneous as they are here. There have been multiple instances where evidence of a prior child molest offense was admitted after a 403 balancing as relevant and not overly prejudicial. *United States v. Hawpetoss*, 478 F.3d 82, 824-827 (7th Cir. 2007)(admitting evidence under rule 403 of molestation of two uncharged minor victims; *United States v. Foley*, 740 F.3d 1079 (7th Cir. 2014) (admitting evidence of a molest which occurred seven years prior to the charged instance); ); *United States v. Roux*, 715 F.3d 1019, 1024 (7th Cir. 2013)(admitting pursuant to the less generous 404(b) and 403 analysis evidence of molest of two uncharged victims as evidence of defendant's intent to produce child pornography of a charged victim). Based upon these cases, evidence of a contemporaneous molest does not substantially outweigh the probative value of the proffered evidence.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

By:  s/ Bradley P. Shepard
    Bradley P. Shepard
    Assistant United States Attorney

    s/ Kristina M. Korobov
    Kristina M. Korobov
    Assistant United States Attorney

**Certificate of Service**

I hereby certify that on February 5, 2015, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing, which will send a notification of such filing to the following:

Ross Thomas

/s/ Bradley P. Shepard
Bradley P. Shepard