UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cr-00072-TWP-DML |
| ) | |
| ALI AL-AWADI (01), ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY

Movant, Ali Al-Awadi, by counsel, in support of his § 2255 Motion, states:

**GROUND ONE:** Movant was denied due process of law and a fair trial in violation of the Fifth Amendment to the United States Constitution by prosecutorial misconduct.

During the cross-examination of the movant at trial, the prosecutor attempted to bring before the jury the movant's Internet browser history. T. 3-654. In response to movant's trial counsel's objection that "this is not illegal pornography," the prosecutor told the court, "given the images here," and given that "[t]he defendant said, 'I would never hurt any child,'" the evidence would go to show "what his intent was at the time he took those pictures." T. 3-655. Both movant's trial counsel and

1

the government's attorney denied having gone to any of the sites listed in the browsing history, but appeared to assume, along with the district judge, that they contained pornographic videos. T. 3-656. Nevertheless, movant's trial counsel insisted to the court:

> There's no evidence that any of that is child pornography. In fact, the evidence is the opposite, and the government knows it. None of this is child pornography. The implication from those titles, which he had nothing to do with creating, is that it is child pornography. The fact is, it is not. None of it is, and the government knows it.

T. 3-659.

Over movant's trial counsel's objection, the court nevertheless allowed the prosecutor to ask the movant about the Internet page on movant's browser history titled "I'm Attracted to My Little Sis." T. 3-660. Therefore, the prosecutor proceeded to question the movant on cross-examination as follows:

> Q. And you told [Detective McAllister] that you didn't visit any particular sites on Reddit that were anything beyond, like, legit porn, correct?
>
> A. I did say that, yes.
>
> Q. But on August 14th of 2014, you visited a specific portion of Reddit with the title . . . www.reddit.com/R/incest/comments/2DEVPQ/SS_Im_attracted_to_my_little_sis_2. Is that correct?
>
> A. I guess.
>
>     MS. KOROBOV: I pass the witness.
>
>     THE COURT: And, ladies and gentlemen of the jury, that evidence is offered for the limited purpose of showing intent.

T. 3-661-62. (The apostrophe has been removed from the word "I'm" in the transcription of the Web address above, to conform with Government's Exhibit 1 –

2

which was the source the prosecutor was reading from and which is referenced below.)

Attached as Exhibit A to this motion is the story on the Reddit page at the Internet address that was presented to the jury with its title, "I'm attracted to my little sis," and portrayed by the prosecution as evidence of the movant's interest in *child* pornography. It is in fact a fictional story – containing no videos or photographs – about two fictional *adult* sisters engaging in fictional lesbian activity. Indeed, the site prominently displays next to the story the following basic rule: "No remotely sexual backstories featuring anyone under 18."

As long ago as *Giglio v. United States*, 405 U. S. 150, 153-54 (1972), the United States Supreme Court reaffirmed its longstanding precedent:

> As long ago as *Mooney* v. *Holohan,* 294 U. S. 103, 112 (1935), this Court made clear that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with "rudimentary demands of justice." This was reaffirmed in *Pyle* v. *Kansas,* 317 U. S. 213 (1942). In *Napue* v. *Illinois,* 360 U. S. 264 (1959), we said, "[t]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Id.,* at 269. . . . A new trial is required if "the false testimony could . . . in any reasonable likelihood have affected the judgment of the jury . . . ." *Napue, supra,* at 271.

By the time of the sentencing hearing in movant's case, it appeared that the nature of the web pages on the movant's Internet browser history was a little clearer to everyone:

> THE COURT: None of this is child pornography, correct?
>
> MR. SHEPARD: We don't know. Some of the titles, as the Court reviewed when we were there, would suggest. All that was able to be recovered was the titles.

3

T. 12.

In response, movant's counsel stated:

MR. THOMAS: ... [T]he Assistant United States Attorney said, "Well, we don't know if this is child pornography," trying to imply, I guess, to the Court that it is. It's not. If they don't know, it's because they haven't tried to know. He's referred to it himself as "stories." Incest stories are not child pornography. There is nothing in this list that indicates that any of this was child pornography. And I would submit –

THE COURT: I agree with you, Counsel. I will not consider Government's Exhibit 1. We'll go ahead and admit it into evidence for purposes of the hearing, but I will not consider it as child pornography.

T. 13-14.

Earlier in the sentencing hearing, referring to Government's Exhibit 1, the Assistant United States Attorney had stated: "And on every single one of these selected pages, there is a clicked-on tab about an incest *story.*" T. 11 (emphasis added). The Government's representation to the Court that "[a]ll that was able to be recovered was the titles" was very likely false *then*, because somehow at the time of the sentencing hearing the Government knew that the pages contained *stories* rather than videos or pictures, and because it is false *now*. (The Court can go today to the Web address that was offered to the jury for the purpose of showing the movant's intent and "recover" the same fictional story attached to this motion as Exhibit A.) An evidentiary hearing should be able to establish what the Government knew and when they knew it.

There is a reasonable likelihood that the presentation of this false evidence by the prosecution could have affected the judgment of the jury, and therefore a new trial is required. If there is not even a reasonable likelihood that it could have

affected the judgment of the jury, it is hard to understand why the prosecution would have offered it at the end of the movant's testimony at the end of the trial in the first place, and why (as detailed below) the Seventh Circuit Court of Appeals would have singled it out as relevant evidence in rejecting movant's argument that the evidence against him was legally insufficient.

**GROUND TWO:** Movant was denied his right to effective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution.

At the Final Pretrial Conference held on February 3, 2016, the government described the anticipated trial testimony of its witness Mike Johnson as follows: "And Mike Johnson is a, as the Court is well aware, agent with ICE, HSI, and is going to – the intent of the government is to kind of teach the jury about some of the things that are typically looked at in determining whether an image is lascivious or not lascivious." T. 12-13. The Court, in paragraph 1.e. of its Entry Following Final Pretrial Conference filed on February 5, 2016, noted that the government had previously disclosed that Special Agent Michael Johnson was one of seven of its witnesses that would offer "expert opinion evidence" at trial, and that the "Defendant had no objection to the witnesses' qualifications as experts in their field." In the government's Appellee's Brief, at page 23, Mike Johnson's trial testimony was cited in support of the proposition that movant's "motive 'to memorialize the molestation' proved the pictures lascivious." Tellingly, the first of the two pages of the trial transcript cited by the government in support of this proposition was to the very first page of Mike Johnson's direct examination (T. 526),

5

at which point he had merely testified that he had been a "special agent with the United States Department of Homeland Security" since February of 2006, and that he was "assigned to investigate cybercrimes, specifically child exploitation crimes, and assigned to examine digital evidence." Mike Johnson's testimony was also the source for the idea that "[h]aving special names for a child" is a type of "grooming" behavior. T. 547-48.

But such testimony about "grooming" children for later sexual activity amounts to "scientific" evidence that should require a foundational showing of scientific validity, which was lacking here. *State v. Henley*, 363 Or. 284 (Or. 2018). Moreover, the issue of whether photos are child pornography is an inappropriate topic for expert testimony altogether. *See United States v. Thoma*, 726 F.2d 1191 (7th Cir. 1984), cited by *United States v. Noel*, 581 F.3d 490, fn.6 (7th Cir. 2009). Whether Mike Johnson's testimony was taken as lay testimony under Federal Rule of Evidence 701 or as expert testimony under Rule 702, it was not "helpful to the trier of fact under either rule," and therefore inadmissible. *United States v. Noel*, 581 F.3d at 496-98 (testimony of detective that images on defendant's computer met the federal definition of child pornography was unhelpful and improper). As in *United States v. Brown*, 871 F.3d 532 (7th Cir. 2017), which likewise involved expert testimony by a law enforcement officer, "[t]his case provides a textbook example of easily comprehensible facts," Mike Johnson's testimony "added nothing that the jurors could not ascertain on their own," and the admission of his testimony "may have induced the jurors to defer to his conclusion rather than drawing their own."

6

*Id.* at 539. Furthermore, as in *Brown*, Mike Johnson's testimony crossed the line drawn in Rule 704(b), which prohibits expert opinion about a criminal defendant's state of mind. *Id.* Nevertheless, the movant's trial counsel failed to object to Mike Johnson's testimony and thereby performed deficiently.

Movant's trial counsel also performed deficiently by failing to file a motion in limine to exclude evidence of the movant's Internet browsing history, as described above under Ground One, even though he knew before trial that the government might try to introduce this evidence at trial. Doing so would have clarified this issue for the court before trial and resulted in the exclusion of the misleading evidence. Furthermore, after this evidence had been erroneously admitted, movant's trial counsel performed deficiently by failing to obtain and introduce into the record the actual Reddit page located at the Web address offered as evidence, thereby demonstrating the falsity of this evidence, and by failing to move on the basis of its demonstrated falsity for a mistrial or a new trial.

A claim of ineffective assistance of trial counsel requires a showing that: (1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This "reasonable probability" prejudice standard does *not* require the movant to convince the court that his attorney's deficient performance "more likely than not altered the

7

outcome in the case." *Id.* at 693. "Even if the odds that the defendant would have been acquitted had he received effective representation appear to be less than fifty percent, prejudice has been established so long as the chances of acquittal are better than negligible." *U.S. ex rel. Hampton v. Leibach*, 347 F.3d 219, 246 (7th Cir. 2003) (citation omitted).

There is a "reasonable probability" (i.e., a "better than negligible" chance) that the outcome of movant's trial would have been different but for the deficient performance of his trial counsel. The Seventh Circuit, in rejecting movant's argument that the evidence at trial was insufficient to support his convictions, relied upon the evidence that movant "had previously shown an interest in CV1 – the two called each other 'Little Baby,' for example – and that he had prior interest in child pornography," finding that these "latter facts were relevant in assessing the images and in particular in determining whether the images were 'for the purpose of eliciting a sexual response in the viewer' because AlAwadi had 'disclaimed any intent to create a sexually suggestive image.'" Decision on Appeal at 601 (citations omitted). But the "fact" that movant "had prior interest in child pornography" was based solely on the false implication that a web page he had visited was child pornography, when in fact it only contained a prurient fictional story involving two adult sisters; and the "fact" that movant "had previously shown an interest in CV1" was not a fact but the gloss of Mike Thompson, whose testimony would have been suppressed had movant's trial counsel objected to it.

There is a better than negligible chance that without this false and inadmissible evidence of intent the outcome of movant's trial would have been different, particularly because it could not even be determined from the images themselves which part of the body was depicted: "[T]he primary focus in evaluating the legality of the charged photographs must be on the images themselves." *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011) (citations omitted). "[T]he intent and motive of the photographer *can be* a relevant consideration in evaluating those images." *Id.* (emphasis added). "[A] defendant's intent or motive in creating an image are *potentially* relevant considerations." *Id.* at 844 (citation omitted). "[A]t least in some circumstances, evidence of motive and intent will help to place an image in context." *Id.*

> [T]he subjective intent of the viewer cannot be the *only* consideration in a finding of lascivious. The statute does not criminalize Sears's catalogs because they are in the hands of a pedophile. That is why courts have cautioned against the sole use of the viewer's subjective intent in evaluating lasciviousness:
>
>> We must, therefore, look at the photograph, rather than the viewer. If we were to conclude that the photographs were lascivious merely because [the defendant] found them sexually arousing, we would be engaging in conclusory bootstrapping rather than the task at hand — a legal analysis of the sufficiency of the evidence of lasciviousness.

*United States v. Miller*, 829 F.3d 519, fn.3 (7th Cir. 2016), *quoting United States v. Villard*, 885 F.2d 117, 125 (3rd Cir. 1989).

**GROUND THREE:** Movant was denied his right to effective assistance of appellate counsel in violation of the Sixth Amendment to the United States Constitution.

"The framework for assessing the constitutional effectiveness of appellate counsel is the same two-pronged *Strickland* test as for effectiveness of trial counsel." *Warren v. Baenen*, 712 F. 3d 1090, 1105 (7th Cir. 2013), citing *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), and *Howard v. Gramley,* 225 F.3d 784, 789-91 (7th Cir.2000) (finding defective performance on the part of appellate counsel who chose to appeal only one issue in spite of the fact that the record supported an appeal on other points). "We deem performance insufficient when counsel omits a 'significant and obvious issue' without a legitimate strategic reason for doing so. We find prejudice 'when that omitted issue "may have resulted in a reversal of the conviction, or an order for a new trial."'" *Id.* at 790 (citations omitted). "Appellate lawyers are clearly not incompetent when they refuse to follow a 'kitchen sink' approach to the issues on appeals. . . . On the other hand, counsel can't throw the baby out with the bath water." Id. at 791 (citation omitted).

Even without the extrinsic evidence of the Reddit page, it was an abuse of discretion by the district court to admit the evidence of movant's browsing history over the objection of movant's trial counsel, when there was no basis for believing it constituted evidence that movant had an interest in child pornography. This issue was significant and obvious from the trial record, it was clearly stronger than the other issues counsel raised on direct appeal, and there could have been no legitimate strategic reason for omitting it. Had appellate counsel raised this significant and obvious issue, it very well may have resulted in a reversal of movant's conviction.

        Respectfully submitted,

        s/ John Kindley_____
        John Kindley
        1456 Lincoln Way East
        South Bend, IN 46613
        Phone: (574) 400-5094
        Fax: (574) 784-4125
        E-mail: john@kindleylaw.com

        *Counsel for Movant*

### Certificate of Service

I hereby certify that on October 29, 2018, a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ John Kindley_____
        John Kindley